**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **EDWIN JOSE LEON JARA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**ANTONE MONIZ, et al.,**<br><br>**Respondents.** | ) | **Civil Action No. 26-12540-BEM** |

**ORDER**

**MURPHY, J.**

Before the Court is Petitioner's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). For the reasons set forth below, the Court will grant the motion.

## I. Background

Petitioner filed a petition for a writ of habeas corpus on June 4, 2026. Dkt. 1. On June 8, 2026, the Court granted Petitioner's petition in part and ordered that Petitioner receive a bond hearing. Dkt. 9. The Court entered judgment in favor of Petitioner on June 26, 2026. Dkt. 12. On July 28, 2026, Petitioner filed a motion for attorney's fees under EAJA. Dkt. 21.

## II. Discussion

EAJA "entitles a prevailing party in certain civil actions against the United States to receive attorney's fees, unless the government's position was substantially justified or special circumstances make an award unjust." *Michel v. Mayorkas*, 68 F.4th 74, 76 (1st Cir. 2023) (citing 28 U.S.C. § 2412(d)(1)). Here, Respondents do not contest that Petitioner is a prevailing party within the meaning of EAJA or that the fees requested were reasonable, but instead argue that

habeas actions are not ‘civil actions’ for the purposes of EAJA and that Respondents’ position in the underlying action was substantially justified. *See generally* Dkt. 26.

This Court, and other judges within this District, have already determined that habeas actions are civil actions within the meaning of EAJA. *See Tuzolana v. Hyde*, 2026 WL 1831597, at *2 (D. Mass. June 25, 2026); *Ndongala v. Wesling*, 2026 WL 1534981, at *1 (D. Mass. June 1, 2026); *Orrego Orrego v. Hyde*, 2026 WL 1480362, at *1–2 (D. Mass. May 27, 2026); *Arreaga Barrios v. Hyde*, No. 26-cv-10336, Dkt. 26 at 3 (D. Mass. July 6, 2026).

Other judges in this District have likewise concluded that Respondents have failed to carry their burden of showing that their position with respect to 8 U.S.C. §§ 1225(b) and 1226(a) was substantially justified. *See Tuzolana*, 2026 WL 1831597, at *3 (“By the time the respondents detained Tuzolana, they understood that District Judges throughout the First Circuit had repeatedly and (as far as the Court is aware) uniformly rejected the view that the relevant immigration-detention statutes supported treating a noncitizen in Tuzolana’s position as a person subject to automatic, mandatory detention without bond.”); *Ndongala*, 2026 WL 1534981, at *3 (“In light of the flood of decisions in this District and beyond that had repeatedly rejected it by the time the government took the position in this action, a reasonable person could not think that the government's contrary position, which it first adopted in early 2025, was correct.” (citations omitted)). The Court is unpersuaded to depart from either conclusion here, and will therefore grant Petitioner’s motion for attorney’s fees.

## III. Conclusion

For the foregoing reasons, Petitioner’s motion for attorney’s fees is GRANTED.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

Dated: September 16, 2026